Matter of Halton (2025 NY Slip Op 04902)

Matter of Halton

2025 NY Slip Op 04902

Decided on September 10, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
BETSY BARROS
FRANCESCA E. CONNOLLY
LAURENCE L. LOVE, JJ.

2022-04058

[*1]In the Matter of John J. Halton, admitted as John Joseph Halton, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; John J. Halton, respondent. (Attorney Registration No. 2388015)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 27, 1991, under the name John Joseph Halton. By order to show cause dated January 12, 2023, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before a Special Referee why a final order of suspension, censure, or disbarment should not be made based on his convictions on August 18, 2021, in Nassau County District Court, of aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2-a)(a), and on February 11, 2022, in the Town of Southold Justice Court, Suffolk County, of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), both unclassified misdemeanors.

Catherine A. Sheridan, Hauppauge, NY (Rona I. Kugler of counsel), for petitioner.
John J. Halton, Bay Shore, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
By affirmation dated May 24, 2022, on notice to the respondent, the Grievance Committee for the Tenth Judicial District advised this Court that on December 24, 2020, the respondent was arrested in Hempstead and charged with: (1) aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2-a)(a), (2) driving while intoxicated per se, based on blood alcohol content of 0.08 percent or more, in violation of Vehicle and Traffic Law § 1192(2), and (3) driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), all unclassified misdemeanors, and three traffic infractions. On August 18, 2021, in Nassau County District Court the respondent pleaded guilty to aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2-a)(a), in satisfaction of all of the charges. During his plea, the respondent admitted to operating a motor vehicle on a public roadway with a blood alcohol content of 0.18 percent or higher after drinking "some beers." The respondent was sentenced to a term of incarceration of seven days and a conditional discharge of one year, with the conditions that his driver license be revoked for one year, that he install an ignition interlock device in any vehicle that he owned or operated for one year, that he remain in an alcohol treatment program, that he complete the Impaired Driver Program, and that he attend a Victim Impact Panel. He was also required to pay $1,395 in fines and surcharges.
The Grievance Committee also advised this Court that, in an unrelated matter, on [*2]March 7, 2021, and while the matter in Nassau County District Court was still pending, the respondent was arrested in Southold and charged with driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), an unclassified misdemeanor, and refusal to submit to a breath test, in violation of Vehicle and Traffic Law § 1194(1)(b). The allegations against the respondent included, inter alia, that a 911 call was received reporting that a vehicle was driving in an erratic manner by randomly stopping and making U-turns. A police officer arrived at the scene and observed the vehicle make a U-turn. The police officer conducted a traffic stop, and, upon finding the respondent to be driving the vehicle, determined that the respondent was intoxicated. The respondent refused to submit to chemical testing to determine his blood alcohol content. On February 11, 2022, the respondent pleaded guilty to driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3). At his plea and sentencing, the respondent admitted to drinking at least six to seven beers prior to or during the operation of his vehicle and that this rendered him intoxicated. The respondent was sentenced to a term of incarceration of 45 days, his driver license was revoked for 18 months, and he was required to pay $1,400 in fines and surcharges.
By order to show cause dated January 12, 2023, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before Honorable Peter B. Skelos, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his convictions of aggravated driving while intoxicated and driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2-a)(a) and (3), respectively, both unclassified misdemeanors.
After a hearing on April 25, 2023, the Special Referee filed a report dated January 2, 2024, setting forth his finding that the respondent failed to establish that a sanction of public discipline should not be imposed. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent submits no papers in response to the Special Referee's report or the Grievance Committee's motion.
Prior to his hearing before the Special Referee, the respondent submitted an affidavit attesting that he had completed all aspects of the Nassau County District Court sentence, except that he was not eligible for the Impaired Driver Program at that time. He attested that he was continuing his alcohol treatment program and that, with regard to his Southold conviction, he had completed his jail sentence but had yet to pay his fine. He stated that he had not timely filed a record of his convictions with this Court because he "was distraught and extremely emotionally impaired" following his incarceration but had sent the Grievance Committee a letter dated January 14, 2022, providing information about both his first conviction and second arrest, and another letter dated March 23, 2022, regarding, among other things, his second conviction.
At the hearing before the Special Referee, the respondent did not dispute his criminal convictions and presented only mitigation evidence, including that, in the time leading up to his arrests, he was very troubled to be out of work due to the COVID-19 pandemic and had experienced personal challenges including the ending of a long-term relationship. He further noted his unblemished disciplinary record during his 32 years of practice of the law and that he took full responsibility for his "bad choices," had accepted his punishment, served jail time twice, and had paid all of the fines assessed against him. The respondent expressed gratitude that no one was injured by his impaired driving, as well as his awareness that his conduct endangered lives. He testified that he had successfully completed treatment, including individual and group therapy, as well as random urine tests which all showed negative results for alcohol, and that he had stopped drinking alcohol. The respondent submitted an affirmation of his therapist, stating, inter alia, that the respondent had completed alcohol treatment and was emotionally and psychologically stable. The respondent further testified that he had secured rewarding employment at a rehabilitation and nursing center in client services and that he could commute to this employment by bus, as his driver license had not been reinstated.
In a report dated January 2, 2024, the Special Referee summarized the evidence in the record and found no aggravating factors. In mitigation, the Special Referee found that the respondent had taken full responsibility for the conduct which resulted in his convictions, completed the terms of his sentencing, including his incarceration and early release, engaged in therapeutic treatment for about 1½ years, received negative chemical testing results, and had not practiced law in the three years prior to the hearing but was engaged in non-legal employment which brought him personal satisfaction from helping others. The Special Referee concluded that, in light of the [*3]respondent's two convictions, and not withstanding the mitigating evidence and absence of aggravating circumstances, the respondent failed to establish that a sanction of public discipline should not be imposed.
The Grievance Committee moves to confirm the Special Referee's report and for this Court to impose such discipline upon the respondent as it may deem just and proper. The Grievance Committee notes that the respondent has no disciplinary history.
The respondent does not cross-move or submit any response to the Grievance Committee's motion.Findings and Conclusion
In view of the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted. Under the totality of the circumstances, including evidence that the respondent completed the terms of his sentencing, engaged in therapy, has remained sober, and has secured rewarding non-legal employment, the respondent is publicly censured for the unlawful conduct that resulted in his convictions of aggravated driving while intoxicated and driving while intoxicated (see Matter of Lovell, 232 AD3d 64; Matter of Battaglia, 177 AD3d 16).
LASALLE, P.J., DILLON, BARROS, CONNOLLY and LOVE, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, John J. Halton, admitted as John Joseph Halton, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Clerk of the Court